UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY ALTOM, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 4:10-CV-01914 |
| | § | |
| CITY OF HUNTSVILLE, TEXAS, | § | |
| WILLIAM BAINE, Individually and | § | |
| in his Official Capacity, LANNY D. | § | |
| RAY, Individually and in his | § | |
| Official Capacity, and JACK | § | |
| WAGAMON, Individually and in | § | |
| his Official Capacity, | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM AND ORDER**

This Section 1983, conspiracy and Texas Whistleblower Act case is before the court on defendants' motion for clarification or reconsideration of order on defendants' motion to dismiss under Rule 12(b)(6).[1] The motion is granted.

## **Background**

On May 28, 2010, plaintiff Wesley Altom brought suit against defendants City of Huntsville, Texas, William Baine (individually and in his official capacity), Lanny D. Ray (individually and in his official capacity), and Jack Wagamon

---

[1] Dkt. 18.

1

(individually and in his official capacity), asserting 29 U.S.C. § 1983, conspiracy, and Texas Whistleblower Act claims.[2] Defendants filed motions to dismiss under Rule 12(b)(6).[3] On July 20, 2010, this court (Judge David Hittner presiding) granted the motion in part and denied it in part.[4] There, the court dismissed Altom's § 1983 claim based on violation of state and municipal laws and his Texas Whistleblower Act claim. The court did not dismiss Altom's § 1983 claims based on Fourteenth Amendment violations or his civil conspiracy claim. The parties consented to magistrate jurisdiction[5] and defendants filed the instant motion to reconsider the July 20 order.[6] Altom did not respond.[7]

## Analysis

1.  **Duplicative Claims Against Baine, Ray and Wagamon in their Official Capacities**

In a footnote in their motion to dismiss, Baine, Ray and Wagamaon (hereinafter referred to as the "individual defendants") argued that the claims

---

[2] Dkt. 1.

[3] Dkt. 5, 7.

[4] Dkt. 11.

[5] Dkt. 14.

[6] Dkt. 18.

[7] Under local rule, failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. Local Rule 7.4.

against them in their official capacity should be dismissed as duplicative.[8] The July 20 order did not address this argument. On reconsideration, the court agrees.

The Supreme Court has recognized that "[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Thus, the Fifth Circuit has found it "proper to dismiss allegations against municipal officers in their official capacities when the allegations duplicate claims against the governmental entity itself." *Thompson v. Connick*, 578 F.3d 293, 297 (5th Cir. 2009). *See Mariscal v. Ochoa*, No. L-09-91, 2010 WL 466710, at *3 (S.D. Tex. Feb. 9, 2010) (*sua sponte* dismissing § 1983 claims against individual defendants in their official capacities as duplicative of claims against the City of Laredo). Here, Altom makes no attempt to distinguish the claims against the City of Huntsville with the claims against the individual defendants in their official capacities. Since the claims against the individual defendants in their official capacities are duplicative, they are dismissed.

---

[8] Dkt. 8, at 8 n.2.

2.      The Individual Defendants' Claims of Qualified Immunity

In the instant motion, the individual defendants request the court to reconsider their entitlement to qualified immunity.[9] Specifically, they allege that the July 20 order denied their motion to dismiss the § 1983 claims asserted against them because (1) qualified immunity was not available and (2) Altom did not seek only monetary damages against them.[10] The individual defendants misread the order because the order's conclusion sentence was overbroad as written.

The conclusion section of the July 20 order denied the defendants' motions to dismiss as to Altom's § 1983 claim based on an alleged violation of due process under the Fourteenth Amendment (asserted against all defendants).[11] However, the analysis section of the order: (1) denied the City's motion as to the § 1983 claim against it; and (2) denied the individual defendants' motion as to the § 1983 claims against them, "to the extent Altom seeks injunctive relief, and not solely damages."[12] Importantly, the order refrained from ruling on the § 1983 claims asserted against the individual defendants to the extent only damages are sought,

---

[9] Dkt. 18, at ¶ 11.

[10] *Id.* at ¶ 9.

[11] Dkt. 11, at 11.

[12] Dkt. 11, at 7. *See Pearson v. Callahan*, 129 S. Ct. 808, 822 (2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

and invited the individual defendants to reassert their qualified immunity defense at the summary judgment stage, "when the factual contours are more fully developed in the record."[13] Since the conclusion sentence was overbroad as written, it will be modified to conform with language in the analysis section of the order. The court sees no reason to disturb the court's decision to hold the qualified-immunity issue for the summary judgment stage.

3.   **Conspiracy Claim**

Defendants' motion to dismiss argued that the intra-corporate conspiracy doctrine precluded Altom's conspiracy claim. This doctrine generally provides that a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Thus, if Altom's claim rests on a conspiracy among the individual defendants alone (all public officials of the City of Huntsville), then his claim must be dismissed.

The July 20 order did not dismiss this claim, citing Altom's allegation that the conspiracy included the individual defendants (public officials) and George Russell (a private citizen). However, the pleadings reveal this allegation was not

---

[13] Dkt. 11, at 7 n.1. As noted in the instant motion, the complaint only requests injunctive relief from the City of Huntsville, and not the individual defendants. *See* Dkt. 1, at ¶ 56. Thus, the merits of the § 1983 claims against the individual defendants (in their individual capacities) were not addressed by the July 20 order.

made in Altom's complaint, but rather in his response brief to defendants' motion to dismiss.[14] The Fifth Circuit has established that "when deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, *only* the allegations in the complaint." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (emphasis added). Since the complaint only alleges a conspiracy among the defendants, the intracorporate conspiracy doctrine applies, and Altom's claim is dismissed.

## Conclusion

For the foregoing reasons, Altom's § 1983 claims against Baine, Ray and Wagamon in their official capacities are dismissed, and Altom's conspiracy claim is dismissed. Altom's § 1983 claims against Baine, Ray and Wagamon in their individual capacities where Altom seeks only monetary relief are not dismissed, and the individual defendants' defense of qualified immunity is held for the summary judgment stage after the factual contours of the case are more fully developed.

Signed at Houston, Texas on November 8, 2010.

Stephen Wm Smith
United States Magistrate Judge

---

[14] *See* Dkt. 9, at 9.