# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY ALTOM, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-01914 |
| | § | |
| CITY OF HUNTSVILLE, TEXAS, WILLIAM | § | |
| BAINE, Individually and in his Official | § | |
| Capacity, LANNY D. RAY, Individually | § | |
| and in his Official Capacity, and JACK | § | |
| WAGAMON, Individually and in his | § | |
| Official Capacity, | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

This Section 1983, conspiracy and Texas Whistleblower Act case is before the court on plaintiff Wesley Altom's motion for leave to amend[1] and motion to alter judgment.[2] Both motions are denied.

On May 28, 2010, Altom filed suit against the City of Huntsville, Texas, William Baine, Lanny D. Ray, and Jack Wagamon asserting 29 U.S.C. § 1983, conspiracy, and Texas Whistleblower Act claims.[3] Defendants filed motions to dismiss under Rule 12(b)(6).[4] On July 20, 2010, this court (Judge David Hittner presiding) granted the motion in part and denied it in part.[5] There, the court

---

[1]Dkts. 21, 24.

[2]Dkts. 22, 25.

[3]Dkt. 1.

[4]Dkts. 5, 7.

[5]Dkt. 11.

dismissed Altom's § 1983 claim based on violation of state and municipal laws and his Texas Whistleblower Act claim. The court did not dismiss Altom's § 1983 claims based on Fourteenth Amendment violations or his civil conspiracy claim.

After the parties consented to magistrate jurisdiction,[6] defendants filed a motion to reconsider the July 20 order. On November 8, 2010, this court on reconsideration (1) dismissed the § 1983 claims against Baine, Ray, and Wagamon in their official capacities; (2) clarified the denial of defendants' motion to dismiss on qualified immunity grounds; and (3) dismissed the conspiracy claim under the intra-corporate conspiracy doctrine.[7] On December 1, 2010, Altom filed the instant motion for leave to amend his complaint[8] and motion to alter judgment.[9] Defendants responded on December 20, 2010.[10]

Altom requests leave to amend his complaint, asserting that defendants will not be prejudiced by any delay and that the claims remain essentially the same. The proposed amended complaint changes the original petition only in one significant respect—instead of alleging that only the defendants conspired and acted to terminate him, it alleges "Defendants conspired with George Russell . . . to terminate Plaintiff . . . . To accomplish this objective, one or more Defendants acted in concert with George Russell."[11]

---

[6]Dkt. 14.

[7]Dkt. 19.

[8]Dkts. 21, 24.

[9]Dkts. 22, 25.

[10]Dkt. 27.

[11]Dkt. 21-1 ¶ 46.

Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the context of motions to amend pleadings, 'discretion' may be misleading, because FED.R.CIV.P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 597 (5th Cir. 1981)). However, district courts enjoy discretion to deny leave to amend when the amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citing *Martin's Herend Imports, Inc.*, 195 F.3d at 771; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). The Fifth Circuit has interpreted "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted," and has applied "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations ommitted). *See DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Arseneaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Here, the new allegations in Altom's proposed amended complaint do nothing more than assert that Russell "conspired" and "acted in concert." These blanket allegations are vague and would not survive a Rule 12(b)(6) motion. Since Altom's proposed amended complaint would be futile, the motion for leave to amend is denied.

Altom files a "motion to alter, vacate, or amend the judgment."[12] Although this court has not yet issued a final judgment in this case, the court considers Altom's motion as a motion to reconsider the November 8, 2010 order. This motion—generally considered under Rule 59(e)[13]—"'must clearly

---

[12] Dkts. 22, 25.

[13] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In one sentence, Altom conclusorily argues that the order should be amended or vacated "to prevent a clear error or manifest injustice." This one sentence argument falls incredibly short of the required showing quoted above. Thus, Altom's motion to reconsider the November 8 order is denied.

For the foregoing reasons, Altom's motions for leave to amend and to reconsider the November 8 order are denied.

Signed at Houston, Texas on January 3, 2011.

Stephen Wm Smith
United States Magistrate Judge