# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY ALTOM, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-01914 |
| | § | |
| CITY OF HUNTSVILLE, TEXAS, WILLIAM | § | |
| BAINE, Individually and in his Official | § | |
| Capacity, LANNY D. RAY, Individually | § | |
| and in his Official Capacity, and JACK | § | |
| WAGAMON, Individually and in his | § | |
| Official Capacity, | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983, conspiracy, Texas Whistleblower Act, and declaratory judgment case is before the court on defendants City of Hunstville, William Baine, Lanny D. Ray, and Jack Wagamon's motion for summary judgment.[1] The motion is granted in part and denied in part.

## Background[2]

On September 14, 2008, in the aftermath of Hurricane Ike, utility crews were sent all over Houston to cut trees off of power lines to restore electricity. George Russell—a politically-connected citizen—impeded certain crews' efforts in an attempt to protect the downed trees. The utility company called on the Huntsville Police Department around 1:00 p.m. to stop Russell from interfering. Police officers arrived at the scene and warned Russell not to interfere. The Department was called again the same day at 4:30 p.m. This time, Russell was accompanied by his attorney

---

[1]Dkt. 31.

[2]The court will draw, as it must, all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir.2002).

defendant City Councilperson Lanny D. Ray. The responding officers again warned Russell not to interfere and documented the incident in an offense report. The Department was called a third time the next day to stop Russell from interfering.

Then-Lieutenant Wesley Altom consulted with the Walker County district attorney, and the decision was made to arrest Russell. On November 20, 2008, a Walker County grand jury indicted Russell for six felonies related to his interfering with the utility company. In January 2009, the charges were eventually reduced in exchange for Russell's apology.

Meanwhile, Altom was asked to help compile data and crime statistics from Shenanigans—a bar in Huntsville, Texas. The statistics were found to be inaccurate because the parameters of the search were overbroad. The statistics were presented to city manager William Baine, who later discovered their inaccuracy.

In September 2009, Police Chief Allwin Barrow appointed Altom to the position of captain. In response to newly raised questions about Russell's 2008 arrest, Chief Barrow investigated the arrest and found no wrongdoing. In January 2010, Chief Barrow presented these findings to the City Council, and the Council voted not to conduct its own investigation. In March 2010, Altom was given a polygraph examination regarding Russell's arrest. The City Council subsequently pressured Chief Barrow to resign, and city manager Baine told Altom if he did not resign, he would be terminated due to a "lack of trust."

On April 9, 2010, Baine gave Altom a notice of termination, citing his dissatisfaction with the veractiy of information provided by the Department regarding Shenanigans's crime statistics. Defendants claim the notice only evinces Baine's intent to terminate Altom, although the notice itself

states that Altom's termination was effective immediately. On May 3, 2010, the City conducted an employee grievance appeal hearing, and upheld Altom's termination.

On May 28, 2010, Altom filed this lawsuit against defendants City of Hunstville, Texas, William Baine (individually and in his official capacity), Lanny D. Ray (individually and in his official capacity), and Jack Wagamon (individually and in his official capacity), asserting 42 U.S.C. § 1983, civil conspiracy, and Texas Whistleblower Act claims.[3] Altom also sought declaratory relief.[4] On July 20, 2010, the court (Judge David Hittner presiding) dismissed Altom's § 1983 claims based on state and municipal laws and his Texas Whistleblower Act claim. On November 8, 2010, on reconsideration, the court (Judge Stephen Wm. Smith presiding) dismissed Altom's § 1983 claims against Baine, Ray and Wagamon in their official capacities, and Altom's civil conspiracy claim.[5] Thus, Altom's remaining claims include: (1) § 1983 claims against the City and the individual defendants in their individual capacities; and (2) a declaratory judgment action, seeking a declaration that defendants wrongfully terminated Altom in violation of his due process rights.

## Analysis

Defendants argue that qualified immunity shields them from suit. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The plaintiff bears the burden to disprove an assertion of qualified immunity. *Collier v. Montgomery*, 569

---

[3]Dkt. 1.

[4]Dkt. 1.

[5]Dkt. 19.

3

F.3d 214, 217 (5th Cir. 2009). A qualified immunity analysis asks two questions: (1) Do the facts, taken in the light most favorable to the plaintiff, show a constitutional violation? and (2) Was the right clearly established at the time of the conduct?. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009).

On the first question, defendants argue that the termination notice and hearing procedures employed establish there was no deprivation of Altom's due process rights as a matter of law.[6] Regarding "what process is due" to a public employee with a property right in his continued employment, the Supreme Court has explicitly stated that the termination must be *preceded* by notice and "some kind of hearing." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 542 (1985).[7] The Court reasoned that this rule adequately accounts for the private interest in retaining employment, the government's interest in swift removal of unsatisfactory employees, and the risk of erroneous termination. Here, defendants point to an excerpt in Altom's deposition to argue that he was actually terminated after his hearing before the City Council.[8] However, the termination

---

[6]Defendants do not appear to challenge that Altom had a property interest in his continued employment. *See Bishop v. Wood*, 426 U.S. 341, 345 (1976) (a property interest may derive from a city ordinance); Huntsville, Texas Code of Ordinances, ch. 2, § 2-26(e) (describing the burden to prove that disciplinary or dismissal decisions are supported by just cause).

[7]Courts must look to state or local law to find a property right to continued employment. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). However, the minimum procedural requirements of the Fourteenth Amendment are a matter of federal law. *Loudermill*, 470 U.S. at 541. "[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct." *Id.*
    The pretermination hearing "need not be elaborate" and can be "'something less' than a full evidentiary hearing." *Loudermill*, 470 U.S. at 545. Moreover, the hearing need not "definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545–46.

[8]*See* Dkt. 31-3, at 3 (Altom Dep. 19:5–14; 60:3–17). Regardless of the timing issue, the parties appear to agree that Baine made the decision to terminate Altom. Since only Baine and the City were

4

notice itself states that Altom's notice of termination was effective on April 9, 2010—approximately three weeks before the hearing.[9] Construing these facts in the light most favorable to Altom, Altom's hearing would be considered post-deprivation, and Baine and the City would have violated Altom's right to a pre-deprivation hearing.[10]

Regarding the second question, officers may "make reasonable mistakes about whether their conduct violates the law, and an officer's mistake is reasonable when there are insufficient indicia that the conduct in question was illegal." *Lytle v. Bexar County, Texas*, 560 F.3d 404, 410 (5th Cir. 2009) (citing *Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quoting *Saucier*, 533 U.S. at 202). The Fifth Circuit has held that *Loudermill*'s minimum requirements of pre-termination notice and a hearing were clearly established in December 1982. *Page v. DeLaune*, 837 F.2d 233, 239–40 (5th Cir. 1988).[11] Since the right to a pre-deprivation hearing is clearly established, Baine and the City are not entitled to summary judgment by way of qualified immunity.

---

involved in the decision to terminate Altom—the act which allegedly deprived Altom of his property right to continued employment—defendants are entitled to summary judgment on Altom's claims against Ray and Wagamon.

[9]Dkt. 31-3.

[10]Defendants do not alternatively argue that Altom's due process rights would not be violated even if the hearing is considered post-deprivation. Nevertheless, the requisite circumstances to support such an argument do not appear to be present in this case. *See Schweitzer v. Univ. of Tex. Health Center at Tyler*, 688 F. Supp. 278 (E.D. Tex. 1988) ("[a] post deprivation hearing may be sufficient to remedy the lack of predeprivation hearing only where there is inadequate opportunity to afford the notice and hearing before the deprivation occurs" (citing *Brock v. Roadway Express, Inc.*, 481 U.S. 252 (1987); *Brown v. Tex. A & M Univ.*, 804 F.2d 327, 336 (5th Cir. 1986))).

[11]The court at that time refrained to answer *how much* notice and opportunity are required. *Page*, 837 F.2d at 239–40.

5

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part. Defendants are entitled to summary judgment in Altom's claims against Ray and Wagamon. All other requested relief is denied.

Signed at Houston, Texas on March 16, 2011.


Stephen Wm Smith
United States Magistrate Judge